887 F.2d 1078
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Paul Wilson BARE, Petitioner-Appellant,
v.
W.F. WATKINS, Superintendent, Alexander County Prison Unit,
Taylorsville, North Carolina; Attorney General of
North Carolina, Respondents-Appellees.
 No. 88-7099.
 United States Court of Appeals, Fourth Circuit.
 Argued: June 9, 1989.
Decided: Sept. 25, 1989.
 
 Thomas Kieran Maher (David S. Rudolf, Beskind & Rudolf, on brief), for appellant.
 Richard Norwood League, Special Deputy Attorney General (Lacy H. Thornburg, Attorney General, on brief), for appellee.
 Before CHAPMAN and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Paul Wilson Bare appeals the district court's order denying him a writ of habeas corpus which he sought pursuant to 28 U.S.C. Section 2254. Because we find insufficient merit in Bare's claims, we affirm the district court's judgment and adopt its reasoning. Bare v. Watkins, No. 87-158 (W.D.N.C. Mar. 4, 1988).*
 
 
 2
 Bare's claims arise from the alleged failure by local prosecutors and law enforcement officers to disclose certain information to him during his trial in North Carolina on first-degree murder and kidnapping charges. See North Carolina v. Bare, 309 N.C. 122 (1983). He alleges that the state withheld material, exculpatory information regarding the state's principal witness against him. Specifically, Bare argues that important evidence was never made available to him concerning the witness's involvement in the crimes for which Bare was convicted as well as the witness's involvement in other, unrelated crimes. Bare also claims that the state concealed from him evidence of favorable treatment and assurances supposedly given to the witness by the state. Nor, according to Bare, was the witness's motivation for testifying against him ever made known. As a result, he argues that the state failed to meet its constitutional duty to provide him exculpatory information as mandated in Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Bagley, 473 U.S. 667 (1985). Bare alleges as a second basis for relief that the state knowingly allowed its witness to commit perjury. This, it is argued, violated Bare's right to due process guaranteed by the fourteenth amendment and his sixth amendment right to confront witnesses against him.
 
 
 3
 The district court rejected these claims. It found, contrary to Bare's contentions, that there had been no knowing acquiescence in any perjured testimony by the state nor any violation of the strictures of Brady and Bagley. The record adequately supports these findings. Accordingly, we affirm.
 
 
 
 *
 We initially denied Bare a certificate of probable cause. On rehearing, however, we granted the certificate and calendared the appeal for oral argument